| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE ) | C/A No.:    2007-CP-23- 0171 |
| ) | |
| Para-Chem, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| James Means and W.F. Taylor Co., Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FILED CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
'07 JAN -9 P 3: 33

The Plaintiff, complaining of the Defendants herein would allege and show unto this Honorable Court as follows:

1.      That the Plaintiff is a corporation organized and existing under the laws of the State of South Carolina and having its principal place of business in the County of Greenville, State of South Carolina.

2.      That the Defendant, James Means, is, upon information and belief, a citizen and resident of the State of Georgia.

3.      That the Defendant, W.F. Taylor Co., Inc., is, upon information and belief, a corporation organized and existing under the laws of the State of California and doing business in South Carolina.

4.      Jurisdiction and venue are proper in this Court.

5.      The Plaintiff employed the Defendant, James Means, from May 15, 1995 through December, 2006.

6.      Concurrent with the beginning of his employment with Plaintiff, the Defendant, Means, executed an Invention Assignment and Confidentiality Agreement containing a confidentiality

clause.

7.    In exchange for execution of the Agreement, Plaintiffs extended to the Defendant, Means, employment which included benefits, training, an existing customer base, and access to confidential information, including, but not limited to, contract pricing, rebates and stocking fees, formulations and packaging information, product cost, customer contacts, product development information, knowledge of complaint resolutions, and customer lists.

8.    The Agreement is a valid, enforceable, binding contract between the parties which is supported by valuable consideration and a copy of which is attached hereto as Exhibit "A" and by reference incorporated herein.

9.    On or around December 21, 2006, the Defendant, Means, notified the Plaintiff that he was terminating his employment with the Plaintiffs and would be accepting an identical position with the Defendant, W.F. Taylor, Inc.. The Defendant, Means, advised the Plaintiff that he did not intend to compete with or contact any of Plaintiff's former or existing customers in his new employment.

10.    That during the course of the Defendant, Means, employment with the Plaintiff the Defendant was compensated for creating and maintaining certain files, specifications, lists and other data and documents for submission to various customers of the Defendant and for use in supplying said customers and servicing the customers' accounts, all of which information was maintained on a laptop computer provided by the Plaintiff to the Defendant, Means, for the purpose of same.

11.    That during the course of Defendant, Means', employment with the Plaintiff, the Defendant was specifically responsible for, and had access to all of the confidential information necessary to sale Plaintiff's products to Lowe's, Contractor's Warehouse, Lancaster Schuermann, Blish Mize, Southerland Supply Hoods, Inc., Westlake Ace Hardware, Allied Building Stores, Inc.,

Southern Hardware, Three M, Richards Canada, Primary Acoustical, Anderson Hardwood Floors, Inc., and Mohawk.

12.    That upon tendering his resignation the Defendant, Means, returned the laptop owned by the Plaintiff but had permanently erased all data on the hard drive contained in the laptop including all of the information which Plaintiff had paid Defendant to produce and maintain on its behalf.

13.    That the Plaintiff contacted the Defendant for the purpose of determining where the data was and the Defendant has since corresponded with the Plaintiff providing the Plaintiff with portions of the data indicating that the Defendant has in fact maintained a full copy of the data which he erased from the hard drive in violation of the Invention Assignment and Confidentiality Agreement signed by the Defendant and has notified the Plaintiff that he intends to compete with the Plaintiff in the course of his employment for the Defendant, W.F. Taylor, Inc..

14.    That the Defendant, Means, has notified the Plaintiff that he intends to attend and bid a "line review" at Lowe's the week of January 12 on behalf of the Defendant, W.F. Taylor, Inc., which was a line review for which the Defendant, Means, had been employed and had been anticipated to attend on behalf of the Plaintiff prior to the termination of his employment with the Plaintiff.

15.    Since terminating his employment with the Plaintiff, the Defendant, Means, has gone to work for a direct competitor of the Plaintiff and is using, and upon information and belief, will continue to use, divulge and disclose information which is proprietary to Plaintiff, in violation of the Agreement with Plaintiff.

16.    Since terminating his employment with the Plaintiff, the Plaintiffs have discovered numerous instances where during the latter stages of Defendant, Means, employment with Plaintiff, the Defendant, Means, was diverting business and sales from Plaintiff to the Defendant, W.F. Taylor, Inc..

## FOR A FIRST CAUSE OF ACTION
### (Breaches of Contract)

17.    Plaintiff incorporates all of the foregoing allegations into this cause of action.

18.    Defendant, Means, has breached his agreement with Plaintiff in several respects as set forth above.  As such Plaintiff is entitled to actual and consequential damages as the direct and proximate result of Defendant's breaches of contract, in amounts to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
### (Breaches of the Covenant of Good Faith and Fair Dealing)

19.    Plaintiff incorporates the foregoing allegations into this cause of action.

20.    Defendant, Means, has breached, in several respects, the covenant of good faith and fair dealing which inheres in every contract which is entered into in the State of South Carolina, as set forth above.  As such Plaintiff is entitled to actual, consequential, and punitive damages as the direct and proximate result of the breaches in amounts to be determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### (Violations of the South Carolina Unfair Trade Practices Act)

21.    Plaintiff incorporates the foregoing allegations into this cause of action.

22.    Defendant, Means, has violated the South Carolina Unfair Trade Practices Act, S.C. Code Ann., §39-5-10, et seq., with conduct in a trade or business which is false, deceptive, intended to mislead, unfair, capable of repetition and which effects the public interests.  Defendant, Means, is currently engaged in these activities knowingly and willfully.  As such, Plaintiff is entitled to actual, consequential and punitive damages, equaling three times the actual damages in amounts to be determined by the trier of fact as well as reasonable attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION
### (Breaches of the Common Duties of Loyalty)

23.    Plaintiff incorporates the foregoing allegations into this cause of action.

24. Defendant, Means, has breached, in several respects, the common law duties of loyalty owed to Plaintiff while employed with Plaintiff, including taking steps to compete directly with Plaintiff while still employed with Plaintiff. As such, Plaintiff is entitled to actual, consequential and punitive damages as the direct and proximate result of Defendant, Means', breaches of the common law duty of loyalty, in amounts to be determined by the trier of fact.

## FOR A FIFTH CAUSE OF ACTION
### (Violations of S.C. Trade Secrets Act)

25. Plaintiff incorporates the foregoing allegations into this cause of action.

26. Plaintiff's business records constitute "trade secrets" under the South Carolina Trade Secrets Act, S.C. Code Ann., §39-8-10, et seq., which secrets Plaintiff has endeavored to protect by affirmative means. As described above, Defendant has wrongfully misappropriated, stolen and used and, upon information and belief, disclosed Plaintiff's trade secrets.

27. Defendant, Means', acts were willful, wanton and in reckless disregard of Plaintiff's rights. As such Plaintiff is entitled to actual, consequential and exemplary damages equal two times the actual damages, which damages include both the actual loss caused by the misappropriation and the unjust enrichment caused by the misappropriation, in addition to the actual loss, as well as an award of attorney's fees.

28. Plaintiff is also entitled to injunctive relief barring Defendant, Means, from further disclosure, misappropriations, and use of its trade secrets.

## FOR A SIXTH CAUSE OF ACTION
### (Conversion)

29. Plaintiff incorporates the foregoing allegations into this cause of action.

30. Defendant, Means, has wrongfully converted to his use property in which Plaintiff has an interest, without Plaintiff's permission. Defendant, Means', conversation is willful, wanton and in

reckless disregard of Plaintiff's rights. Thus, Plaintiff is entitled to actual damages, i.e., the value to Plaintiff of the property so converted, as well as interest on the value of the property through the date of trial along with punitive damages, in amounts to be determined by the trier of fact.

## FOR A SEVENTH CAUSE OF ACTION
### (Interference with contracts)

31.     Plaintiff incorporates the foregoing allegations into this cause of action.

32.     That as described above the Defendants have wrongfully and intentionally interfered with Plaintiff's existing and potential contractual relations, for an improper purpose and by improper means, with subsequent injury to Plaintiff. Thus, Plaintiff is entitled to actual, consequential and punitive damages as the direct and proximate result of the Defendants' conduct in amounts to be determined by the trier of fact.

## FOR AN EIGHTH CAUSE OF ACTION
### (Request for Issuance of Preliminary Injunction)

33.     Plaintiff incorporates the foregoing allegations into this cause of action.

34.     As set forth above, Defendant has breached his agreement not to compete with Plaintiff in several respects, has breached the covenant not to solicit business from customers of Plaintiff, has breached the confidentiality agreement and has violated the *South Carolina Trade Secrets Act*. His actions also interfered with the existing and perspective contractual relations with customers of Plaintiff. Defendant, Means, has disclosed this confidential information to Defendant, W.F. Taylor, Co., Inc., and both Defendants are using such information to gain an improper competitive advantage. Plaintiff will suffer irreparable injury if Defendants continue this conduct, because Plaintiff does not have an adequate remedy at law. Because of the clear violations of the agreement with Plaintiff, combined with the violations of the *South Carolina Trade Secrets Act*,

Plaintiff is likely to succeed on the merits in a trial of this matter.

35.    An injunction restraining Defendants from continuing to violate the agreement with Plaintiff and restraining them from further violations of the *Trade Secrets Act* will preserve the status quo while preserving the opportunity for Plaintiff to enforce its rights against the Defendants.  The benefit of this Court's injunction out weighs the burden, inconvenience and damage, if any, Defendants might suffer and would permit them to continue in other lines of work.

WHEREFORE, having fully set forth its Complaint herein, Plaintiff prays for:

1)    Actual and consequential damages for the First Cause of Action;

2)    Actual, consequential and punitive damages for the Second, Third, Fourth, Fifth, Sixth and Seventh causes of action;

3)    Reasonable attorney's fees and costs for the Third and Fifth Causes of Action;

4)    The issuance of a preliminary and permanent injunction, enjoining Defendants from further breach of their agreement with Plaintiff and from further violations of the *Trade Secrets Act*; and

5)    Such other and further relief as to this Court deems just and proper.

RANDALL S. HILLER, P.A.

Randall S. Hiller
P.O. Box 1716
850 Wade Hampton Blvd.
Greenville, S.C. 20602-1716
(864) 232-0026
(864) 242-4692 Fax
Attorney for Plaintiff

January 8, 2007

Greenville, South Carolina.



## Para-Chem Southern,
INCORPORATED

### INVENTION ASSIGNMENT AND CONFIDENTIALITY AGREEMENT

This Agreement made as of the __15__ day of __May__, 19__95__, between:

Para-Chem Southern, Inc. (herein called "EMPLOYER") on behalf of its operating unit/subsidiary _____

__Consumer Products__
(Operating unit/subsidiary)

and

__James M. Means__ (herein called "EMPLOYEE").
(Employee)

### WITNESSETH:

WHEREAS, EMPLOYEE is or may be serving EMPL____ a capacity through which EMPLOYEE will have access to confidential information of EMPLOYER, of EMPLOYER'S suppliers or customers, or of others to which EMPLOYER has obligations to maintain information confidential; and

WHEREAS, EMPLOYEE may have occasion to receive technical information developed by EMPLOYER, or by corporations or divisions heretofore, now or hereafter controlled by, controlling, or under common control with EMPLOYER (hereafter sometimes referred to collectively with EMPLOYER, as the "PARA-CHEM COMPANIES"), which may assist EMPLOYEE in effecting various inventions and may receive other assistance in the development of inventions useful to the PARA-CHEM COMPANIES;

WHEREAS, without this Agreement EMPLOYER could not assure to PARA-CHEM COMPANIES the benefits of information and inventions developed by their employees in the course of their employment.

NOW, THEREFORE, in consideration of the wages now and hereafter paid to EMPLOYEE by EMPLOYER, and the mutual agreements herein contained, EMPLOYER and EMPLOYEE agree as follows:



CORPORATE ADDRESS: P.O. BOX 127 • SIMPSONVILLE, SC 29681-0127 • 803-967-7691 • FAX: 803-963-1241
Manufacturing Facilities: Simpsonville, SC • Philadelphia, PA • Dalton, GA • Mansfield, TX • Rancho Cucamonga, CA

*Para-Chem*

1.  CONFIDENTIAL INFORMATION

EMPLOYEE agrees during his/her employment and thereafter not to reveal to any person, unless authorized in writing by EMPLOYER, any confidential information of EMPLOYER or of others which EMPLOYEE knows or ought to know is confidential or that EMPLOYER has confidential information obligations.

EMPLOYEE and EMPLOYER agree that confidential information includes, but is not limited to, information in any form whatsoever pertaining to: inventions, designs, data, discoveries, marketing data, strategies, business plans, formulae, product plans and competitive activity data; all financial and profit information not required by law to be published; purchasing or cost data; sales data including customer lists, booking reports, current sales information, pricing, billing and other information; information considered as proprietary by EMPLOYER; or any information pertaining to the EMPLOYER or made available to EMPLOYEE by the EMPLOYER and identified or treated as confidential or secret.

EMPLOYER and EMPLOYEE agree that confidential information shall not include information which EMPLOYER has voluntarily disclosed to the public or which otherwise enters the public domain through lawful means other than through EMPLOYEE or sources under his/her control.

EMPLOYEE agrees that, if, when and after EMPLOYEE shall leave the employ of EMPLOYER, EMPLOYEE will not carry away or disclose any confidential or secret information.

2.  ASSIGNMENT OF DISCOVERIES, IMPROVEMENTS AND INVENTIONS

(A)  EMPLOYEE agrees that, with respect to any Para-Chem discoveries, improvements and inventions which EMPLOYEE may conceive or make during the term of EMPLOYEE's employment, either solely or jointly with others, EMPLOYEE will assign and by these presents does hereby assign and transfer, all of EMPLOYEE's entire right, title and interest in and to such discoveries, improvements and inventions to EMPLOYER, its successors and assigns, except those inventions specifically excluded by statute as more fully explains in section (B).

(B)  EMPLOYER provides EMPLOYEE notice that individual states have enacted and will likely, in the future, enact or modify statutes relating to ownership and assignments of inventions developed by EMPLOYEE and such statutes contain or will contain specifically worded notices. Such statutes and the notices provided therein are incorporated herein by reference and made a part of this agreement.

The specific notice provision required by the laws of State of California is set forth below.

*Para-Chem*

### CALIFORNIA

THIS AGREEMENT DOES NOT APPLY TO ANY INVENTION WHICH QUALIFIES FULLY UNDER THE PROVISIONS OF SECTION 2870 OF THE CALIFORNIA LABOR CODE.

This Agreement does not apply to an invention for which no equipment, supplies, facility, or trade secret information of the EMPLOYER was used and which was developed entirely on the EMPLOYEE'S own time, and (a) which does not relate (1) to the business of the EMPLOYER or (2) to the EMPLOYER'S actual or demonstrably anticipated research or development, or (b) which does not result from any work performed by the EMPLOYEE for the EMPLOYER. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable.

(C)    EMPLOYEE further agrees upon the request of EMPLOYER, to execute and deliver all documents and do all acts necessary to secure to EMPLOYER, its successors and assigns, or its nominee, the entire right, title and interest in an to said discoveries, improvements and inventions including applications for and Letters Patent of the United States and foreign countries, provided the cost of preparing such papers, assignments and applications for Letters patent, and the prosecution and maintenance thereof and all proceedings and litigation relating thereto, is borne by EMPLOYER or its nominee.

3.    COPYRIGHTS

EMPLOYEE acknowledges that all works prepared solely or jointly with others which relate in any manner to the research, development or other business activities of EMPLOYER shall for the purpose of U.S. copyright law be deemed "works made for hire" and all rights therein, including copyrights or any other rights, shall be the sole property of EMPLOYER and that such writings shall be held in confidence by EMPLOYEE until written authorization to publish is obtained from a duly designated representative of EMPLOYER. In the event that these works are held not to be "works made for hire," EMPLOYEE agrees to assign all right, title and interest in the works to the EMPLOYER.

4.    EMPLOYEE TRANSFER

EMPLOYEE agrees that if EMPLOYEE should accept transfer to any of the other PARA-CHEM COMPANIES, the term "EMPLOYER", as used herein , shall be deemed to include each such other PARA-CHEM COMPANY, and this Agreement shall remain in full force and effect unless and until superseded by a new Agreement.

*Para-Chem*

5.   SEVERABILITY AND REFORMATION

Any portion of this Agreement which a Court of competent jurisdiction shall determine to be void or unenforceable as against public policy, or for any other Reason, shall be deemed to be severable from the Agreement and shall have no affect on other covenants or provisions in the Agreement. EMPLOYEE further agrees that the Court shall be empowered upon the request of EMPLOYER to reform and construe any provision which would otherwise be void or unenforceable in a manner that it will be valid and enforceable to the maximum extent permitted by law.

6.   INJUNCTIVE RELIEF

EMPLOYEE agrees that, in the event of any violation of this Agreement by EMPLOYEE, EMPLOYER shall be entitled, in addition to any other rights or remedies which it might have, to maintain an action for damages and permanent injunctive relief, and in addition EMPLOYER shall be entitled to preliminary injunctive relief, it being agreed and understood that the substantive and irreparable damages which EMPLOYER might sustain upon any such violation could be impossible to ascertain in advance. EMPLOYEE further agrees that this agreement shall be construed under the laws of the State of ____SC____ and that nothing in this Agreement shall be construed as a limitation upon the remedies Company might have for any wrongs of EMPLOYEE.

IN WITNESS WHEREOF, EMPLOYEE and EMPLOYER have caused this Agreement to be duly executed as of the day and year first above written.

_____
Employee

Accepted:

PARA-CHEM SOUTHERN, INC.

By: _Jane F. Owens_          Title: _HR Supervisor_

08/16/94