UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Para-Chem, Inc., ) | |
| ) | C/A No. 6:07-cv-00381-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| James Means and W.F. Taylor, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Plaintiff's Motion to Remand and Defendants' Motions to Dismiss. The Court heard oral arguments in this matter on March 29, 2007. After reviewing the record in this case and oral arguments presented by the parties, this Court hereby GRANTS Plaintiff's Motion to Remand this action to state court. The Court does not reach the issue of Defendants' Motions to Dismiss and finds these motions MOOT.

**FACTUAL BACKGROUND**

Plaintiff Para-Chem ("Para-Chem") originally filed this action against Defendants in the Greenville County Court of Common Pleas. On February 8, 2007, Defendants removed the action to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Defendants then filed motions to dismiss for lack of personal jurisdiction. Subsequently, Plaintiff filed a motion to remand to state court for lack of

1

diversity jurisdiction pursuant to 28 U.S.C. § 1447(c).  Plaintiff argues the amount in controversy does not exceed $75,000.

## **ANALYSIS**

The Fourth Circuit has not specified a particular standard to apply when determining if the amount in controversy exceeds $75,000, where a particular amount is not alleged in the complaint.  *See Jones v. Allstate Ins. Co.*, 258 F.Supp.2d 424, 428 (D.S.C. 2003).  However, it is well established in the Fourth Circuit that where "federal jurisdiction is doubtful, a remand is necessary."  *Mulcahey v. Columbia Organic Chem. Co. Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).  Here, Plaintiff's complaint does not allege a particular amount in controversy.  Case law suggests when an amount in controversy is not specified in the complaint, "the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy."  *Cannon v. United States Ins. Co. of America*, 352 F.Supp. 1212 (D.S.C. 1973).

Plaintiff seeks monetary relief in the form of actual, consequential, and punitive damages, but Plaintiff also seeks equitable relief in the form of a preliminary and permanent injunction.  Plaintiff asserts in its Motion to Remand that "Plaintiff's primary remedy alleged in the complaint was injunctive relief."  Further, Plaintiff's counsel testified before this Court during oral arguments that the claims asserted would not exceed $75,000, and affirmed to the Court that Plaintiff primarily seeks relief in the form of an injunction.  Therefore, based on the record in this case, the arguments

presented before the Court, and the applicable case law, the Court determines that federal jurisdiction in this case is doubtful, as the amount in controversy requirement has not been met.

## **CONCLUSION**

Therefore, IT IS ORDERED that Plaintiff's Motion to Remand is hereby GRANTED and this matter is remanded to state court for further proceedings. The Court declines to address Defendants' Motions to Dismiss, as the remand renders these motions MOOT.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 10, 2007

Anderson, South Carolina